## STATE OF OREGON,
*Appellant,*

*v.*

## WILLIAM D. FERRIS,
*Respondent.*

(CR90-006; CA A64404)

813 P2d 1123

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Christopher J. Casebeer, Salem, argued the cause for respondent. With him on the brief were Helen L. Cooper and Ferder, Ogdahl, Brandt & Casebeer, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was charged with several drug related offenses. Before trial, he moved to suppress evidence seized pursuant to three search warrants and to controvert the affidavit submitted for the warrants. The trial court granted the motion to suppress, but did not address the motion to controvert. The state appeals, and we reverse.

The order allowing defendant's motion states:

"3.    That the three warrants were not based upon application from a police officer or a district attorney as required by ORS 133.545(3),[1] but rather by a private citizen, Cheryl Lynne Hays, and that, accordingly, the warrant [sic] was [sic] not properly issued and evidence seized pursuant thereto should be suppressed."

All three warrants were based on a single affidavit by Cheryl Lynne Hays. Oregon State Trooper Ryan testified that he was the officer involved in the "acquisition" of the warrants. He met Hays at the district attorney's office, assisted in preparation of the affidavit and warrants and accompanied the affiant to the judge's chambers where he watched the judge read the affidavit and sign the warrants. The affidavit and the warrants were typed on the district attorney's pleading paper. The affidavit concluded:

"Wherefore, your affiant prays the court for its warrants authorizing the search of the above-described locations and the seizure of the above-described evidence."

The warrants were addressed:

"To any police officer of the State of Oregon."

The trial court appears to have equated "application" in ORS 133.545(3) with the affidavit that is submitted for a warrant and concluded that the affiant is always the applicant. Nothing in the statute requires or suggests that the affiant must be a police officer or a district attorney. In fact, ORS 133.545(4) says that the "application" shall consist of a proposed warrant and shall be supported by one or more affidavits. There is also nothing in the statute to require that

---

[1] ORS 133.545(3) provides:

"Application for a search warrant may be made only by a district attorney or by any police officer."

the application for a search warrant be in a particular form or even that it be written; ORS 133.545(5) authorizes a warrant to be issued on the basis of oral statements. We conclude that an oral application by a police officer or conduct that is tantamount to a request for a warrant satisfies the statute. The affidavit and the warrants were prepared by the officer and the affiant and the written materials were presented to the issuing magistrate by the officer. The application complied with the statute.[2]

■ Defendant argues, in the alternative, that the order of suppression should be upheld, because the affidavit was insufficient to support the warrants. Specifically, he argues that the affiant supplied all of the information and was therefore a "named informant" whose credibility must be established as well as the basis of Hays' knowledge. She swore to the truth of the information in her affidavit that she lived with defendant and assisted him in growing, processing and selling marijuana. That was sufficient.

Defendant's motion to controvert the affidavit was not ruled on by the trial court. It is not in issue on appeal, and the court may address it on remand.

Reversed and remanded.

---

[2] We hold only that the officer made the application for the warrant as required by ORS 133.545(3). We do not decide whether, if an application does not comply with the statute, that is a basis for suppressing evidence.